IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2024-FL

CHESTER GRIFFITHS,               )
                                 )
                Petitioner,      )
                                 )
          v.                     )               ORDER
                                 )
JONATHAN C. MINER, ERIC          )
HOLDER, and THE BUREAU OF        )
PRISONS,                         )
                                 )
                Respondents.     )

The matter comes before the court on respondents' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE # 8).* This motion has been fully briefed, and the issues raised are ripe for adjudication. For the following reasons, the motion is granted.

## STATEMENT OF THE CASE

On February 16, 2010, petitioner filed this action pursuant to 28 U.S.C. § 2241. Petitioner subsequently filed a supplement to his petition and a motion to amend. Through his filings, petitioner alleges that the Bureau of Prisons ("BOP") violated his constitutional rights when it placed him in a privately run correctional facility in North Carolina operated by the GEO Group, Inc. under contract with the Federal Bureau of Prisons. Petitioner asserts that he should be incarcerated at a BOP facility. As relief, petitioner requests that he be transferred to a BOP facility.

---

* Also before the court is petitioner's unopposed motion for leave to file a sur-reply (DE # 15). In its discretion, the court ALLOWS petitioner's motion and will consider his sur-reply in adjudicating respondents' motion to dismiss.

On November 19, 2010, respondent filed a motion to dismiss, arguing that petitioner's claim is without merit because the BOP has the authority to designate an inmate in a privately run correctional facility. Petitioner responded, and respondent filed a reply. Petitioner's proposed sur-reply has also been considered by the court.

## DISCUSSION

A.     Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.     Analysis

Petitioner asserts that Congress did not authorize a private corporation to have custody over him. Inmates, however, do not have the constitutional right to be incarcerated in any particular prison, jail, or confinement facility of any particular security level. See, e.g., Meachum v. Fano, 427 U.S. 215, 223-224 (1976); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994). Moreover, the BOP

2

has the authority to designate the location of an inmate's imprisonment, "whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted." 18 U.S.C. § 3621(b). The BOP may "at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another." Id. Moreover, the BOP is authorized to contract with non-federal institutions to house federal inmates. See id. § 4013(a)(3).

Petitioner attempts to argue that North Carolina state law provides a right to be incarcerated in a BOP facility. Specifically, petitioner states that N.C. Gen. Stat. § 148-37.1 prohibits private prisons from housing out-of-state inmates. However, § 148-37.1 provides an exception for facilities "owned or operated by the federal government." N.C. Gen. Stat. § 148-37.1(b). Moreover, "[t]he Supremacy Clause and the doctrine of preemption invalidate state statutes to the extent they are inconsistent with or contrary to the purposes or objectives of federal law." Sheehan v. Peveich, 574 F.3d 248, 252 (4th Cir. 2009) (citing Wisconsin Pub. Intervenor v. Mortier, 501 U.S. 597, 604 (1991)). Additionally, petitioner already has received the relief which he requested because he has been transferred to Gilmer Federal Correctional Institution, a BOP facility.

Petitioner also alleges that the BOP treats African American inmates differently than white inmates when determining which inmates should be transferred from Rivers, the private facility in which he was previously housed, to a BOP facility, in violation of the Equal Protection Clause of the Fifth Amendment to the United States Constitution. With this claim, petitioner is not challenging the fact or length of his confinement, rather, he is challenging the conditions of his confinement. Habeas corpus relief is not appropriate when a prisoner challenges the conditions of his confinement. See Preiser v. Rodriquez, 411 U.S. 475, 499 (1973). A prisoner challenging the conditions of his confinement must bring his claim pursuant to 42 U.S.C. § 1983 (if a state inmate) or Bivens v. Six

3

Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (if a federal inmate). Id.; see Wilson v. Johnson, 535 F.3d 262, 265 (4th Cir. 2008). Based upon the foregoing, petitioner's equal protection claim is not appropriate under 28 U.S.C. § 2241.

The court has reviewed the petition and finds it inappropriate to convert petitioner's § 2241 petition into a an action pursuant to Bivens. First, a § 2241 action solely is against the warden, whereas there likely would be additional defendants in a Bivens action concerning prison conditions. See, e.g., Glaus v. Anderson, 408 F.3d 382, 389 (7th Cir. 2005). Second, conversion is inappropriate because the requirements of the Prison Litigation Reform Act apply to Bivens actions, but do not apply to § 2241 actions. See, e.g., Hicks v. James, 255 F. App'x 744, 747 (4th Cir. 2007) (unpublished); Smith v. Angelone, 111 F.3d 1126, 1129–31 (4th Cir. 1997). Therefore, petitioner's equal protection claim must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, petitioner's motion for leave to file a sur-reply (DE # 15) is GRANTED. Respondent's motion to dismiss (DE # 8) is GRANTED. Petitioner's claim challenging the ability of the federal government to house inmates in privately run facilities is DISMISSED with prejudice. Plaintiff's equal protection claim is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the _11_ day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

4